# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAPHNE BELL, <br><br> Plaintiff, <br><br> v. <br><br> THE KROGER CO. and TIM BROWN, <br><br> Defendant. | Civil Action File No.: <br><br> _____ <br><br> Removed from DeKalb County State Court, Civil Action No. 21A03699 <br><br> JURY TRIAL DEMANDED |

## DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL

COMES NOW Defendant The Kroger Co. (hereinafter referred to as "Defendant" or "Kroger"), by and through undersigned counsel, and shows this Honorable Court the following:

1.

This action was filed in the State Court of DeKalb County, Georgia, said county being part of the Northern District of Georgia. (N.D.G.A. Local Rule 3.1(A), LR App. A, I). This, the Atlanta Division of this Court, is the proper Division for this removal as further set forth below.

2.

The action is a civil action for personal bodily injuries and medical expenses, and the United States District Court for the Northern District of Georgia has jurisdiction by reason of the diversity of citizenship of the parties.

3.

The matter in dispute is believed to exceed $75,000.00, the statutory amount in controversy, exclusive of interest and costs.

4.

(a) At the time of the commencement of this action in DeKalb County State Court, and since that time, plaintiff Daphne Bell ("Plaintiff") was and is now, a citizen of Georgia.

(b) Defendant The Kroger at the time this action was commenced and at the present time, was and still is a corporation, incorporated and existing under and by virtue of the laws of Ohio having its principal place of business in Ohio, and a citizen of Ohio.

(c) Tim Brown is a citizen of Georgia. Mr. Brown was evidently named as a defendant for the purpose of precluding removal. Mr. Brown was never

personally served with process in the underlying action. A defendant's statutory "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Mr. Brown is neither properly joined nor properly served as a defendant in this case. Mr. Brown is not a proper party in interest – he does not and has never worked at the Ellenwood Kroger store and Plaintiff's inclusion of Mr. Brown in the Complaint qualifies as fraudulent joinder. And, Mr. Brown has never been served.

5.

A true and correct copy of all process, pleadings, and orders served upon Defendant The Kroger Co. in this action is attached hereto as Exhibit "A." (Exhibit "A" includes all pleadings filed in the State Court.)

6.

Plaintiff filed her Complaint on August 6, 2021. This pleading set forth allegations that Plaintiff "was injured and has experienced physical and emotional pain and suffering" due to the incident as well as past and future medical treatment (Ex. "A," Complaint, ¶¶ 28, 29-33). Plaintiff's claimed damages include "personal

injuries, past, present and future pain and suffering, disability, disfigurement, mental anguish, permanent injuries, attorneys' fees and costs, lost wages (past and future), among others. (Ex. "A," Complaint, ¶¶ 33 *et seq*.). This pleading did not set forth any specific amount in controversy. (*See id.*)

7.

Plaintiff Bell is suing Kroger for claimed injuries arising from an incident that occurred at the Kroger store at Fairvew Oaks Shopping Center in Ellenwood, Georgia in Henry County on July 2, 2021. Plaintiff was transported from the store by ambulance and, upon information and belief, transported to a local hospital emergency room. After Plaintiff left the Kroger store by ambulance on July 2, 2021, there was no further contact with Plaintiff until her attorney's letter of representation arrived at the Kroger store on August 1, 2021. On August 3, 2021, Kroger's third-party claims administrator sent a letter to Plaintiff's counsel, acknowledging his representation. (There was never a pre-suit demand.)

8.

Three days later, Plaintiff filed suit on August 6, 2021. Plaintiff's Complaint did not set forth any specific amount in controversy. Defendant The Kroger Co. was served on August 19, 2021, and timely answered on September 17, 2021.

Immediately after answering, Kroger served written discovery to Plaintiff. Plaintiff served her responses to the discovery on November 19, 2021. Through and including this point in time, Defendant had no information about Plaintiff's claimed injuries or damages. The Plaintiff's written responses to discovery did not contain any substantive information about the claimed damages and no documents were provided in support with the responses until December 16, 2021. (There was one PDF of seven pages that Plaintiff's counsel provided on November 4, 2021, which contained radiology reports for one cervical spine MRI and one lumbar spine MRI, both conducted on July 23, 2021, but no billing or expense information.) The documents provided on December 16, 2021 show that Plaintiff is claiming medical treatment:

- from July 19, 2021 through at least November 30, 2021 costing $17,100.00 (South Atlanta Neurosurgery);
- on September 24, 2021 and October 26, 2021 costing $15,000.00 (Allspine Surgery Center 2);
- on October 26, 2021 costing $2,100.00 (Allspine Anesthesia LLC).

The documentation produced to date to show Plaintiff's actual medical charges incurred add up to at least $34,200.00.

9.

In addition to the stated amounts described above, upon information and belief, Plaintiff is claiming the following:

- expense of ambulance that transported her from the store on July 2, 2021, which the undersigned estimates as approximately $1,200.00;

- expense of emergency room visit on July 2, 2021, which the undersigned estimates as approximately $14,000.00;

- expense of imaging studies performed by Vikram Sobti, MD on July 23, 2021 (cervical MRI and lumbar MRI), which the undersigned estimates as approximately $4,500.00 combined.

10.

As set forth above, the "other paper" received on December 16, 2021 was Defendant's first notice that the amount in controversy in this civil action met or exceeded the $75,000.00 jurisdictional threshold, as before that point in time, Plaintiff had given no notice of any specific amount in controversy. She was asked to do so in Interrogatory No. 36, but she declined to answer ("36. Is the amount in controversy in this civil action at least $75,000?  RESPONSE: Objection.  This request seeks premature expert testimony as well as premature jury verdict.")

(Plaintiff's Responses to Kroger's First Interrogatories are attached hereto as Exhibit "B.")

The standard for showing, under the circumstances at bar, the amount in controversy is met is stated by the Eleventh Circuit as follows: "If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal punctuation and citation omitted).  In *Roe*, the Eleventh Circuit noted that district courts are free to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings." *Id.* at 1061-62 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062.  The common-sense standard also applies here, where there is an undisputed $34,200.00 in claimed medical specials not including the cost of the ambulance, the initial emergency room visit, or the two July 23, 2021 MRI studies.  Based on professional experience and by comparison to similarly-situated cases, the undisclosed amounts are reasonably estimated to be an additional $19,700, for a total of at least $53,900 through the

end of November 2021 only.  Further, Plaintiff claims future medical treatment, past and future lost wages in an undisclosed sum, and general damages.  She is also claiming permanent injury, disability, and other damages.  As such, the amount in controversy is met in this case.

11.

The matter in controversy is between citizens of different States and, as outlined above, the amount in controversy exceeds $75,000.00; accordingly, this action, over which the United States District Court for the Northern District of Georgia has original jurisdiction under 28 U.S.C. § 1332, is removable to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1441.

12.

Venue is proper in the Atlanta Division of the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §§ 1441, 1391, and 90(a)(4); see also N.D.G.A. Local Rules LR 3.1(B)(1)(a) and LR App. A, I.

13.

As required by 28 U.S.C. § 1446(d), Defendant shall give written notice hereof to all adverse parties and shall file a copy of this *Notice of Removal* with the Clerk of the State Court of DeKalb County, Georgia.

14.

All defendants consent to this removal.

15.

The instant Notice of Removal is timely filed pursuant to and in accordance with 28 U.S.C. § 1446(b)(3) "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or *has become* removable." (Emphasis supplied). Specifically, the "other paper" was an email from Plaintiff's counsel providing a SharePoint link to a 91-page PDF containing medical bills and medical records.

16.

Furthermore, the instant *Notice of Removal* is timely filed, pursuant to and in accordance with 28 U.S.C. § 1446(c)(1), within one year of the commencement of the above-styled civil action.

WHEREFORE, Defendant The Kroger Co. requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted, this the 14th day of January, 2022.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | */s/ Jeffrey M. Wasick* |
| **MOFFETT & BRIESKE, L.L.P.** | Matthew G. Moffett |
| 950 East Paces Ferry Road NE | Georgia Bar No.: 515323 |
| Suite 1700 | Jeffrey M. Wasick |
| Atlanta, Georgia 30326 | Georgia Bar No.: 778423 |
| Telephone: (404) 870-7444 | *Attorneys for Defendant The Kroger Co.* |
| Facsimile: (404) 870-1072 | |
| E-mail: mmoffett@grsmb.com | |
| jwasick@grsmb.com | |

CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH L.R. 5.1

This is to certify that on this date, the undersigned filed a true and correct copy of the foregoing pleading with the Clerk of Court using the CM/ECF system and served all parties of record via electronic service through the CM/ECF system to:

Ramin Kermani-Nejad, Esq.
Hani Ganji, Esq.
KERMANI FIRM

1718 Peachtree Street NW, Suite 489<br>Atlanta, Georgia 30309

Further, this is to certify that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1. It is prepared in Times New Roman 14-point font.

Respectfully submitted, this the 14th day of January, 2022.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** <br> **MOFFETT & BRIESKE, L.L.P.** <br> 950 East Paces Ferry Road NE <br> Suite 1700 <br> Atlanta, Georgia 30326 <br> Telephone:  (404) 870-7444 <br> Facsimile:  (404) 870-1072 <br> E-mail:     mmoffett@grsmb.com <br>                  jwasick@grsmb.com | */s/ Jeffrey M. Wasick* <br> Matthew G. Moffett <br> Georgia Bar No.:  515323 <br> Jeffrey M. Wasick <br> Georgia Bar No.: 778423 <br> *Attorneys for Defendant The Kroger Co.* |