*Daphne Bell v. The Kroger Co. et al.*
*State Court of DeKalb County, State of Georgia*
*Civil Action File Number:  21A03699*

*Daphne Bell v. The Kroger Co. et al.*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA (Removal # 1:22-mi-99999)*

# EXHIBIT A:  PETITION FOR REMOVAL

<u>ALL PLEADINGS, PROCESS, AND ORDERS SERVED
UPON DEFENDANTS IN THE
STATE COURT OF DEKALB COUNTY,
STATE OF GEORGIA</u>

No. _____21A03699_____

**Date Summons Issued and E-Filed**

8/6/2021

_____
Siana Smith

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Daphne Bell
_____

Plaintiff's name and address

**vs.**

The Kroger Co., and Tim Brown
_____

**[ ] JURY**

_____

Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Name   Ramin Kermani-Nejad, Esq.
_____

Address   1718 Peachtree Street NW, Suite 489, Atlanta, GA 30309
_____

Phone Number   678 202 0494                    Georgia Bar No.  669698

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

Defendant's Attorney
_____

Address
_____

Phone No.                    Georgia Bar No.

Third Party Attorney
_____

Address
_____

Phone No.         .   Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ _____

Interest $ _____

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☒**(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

Daphne Bell,

Plaintiff,

v.

The Kroger Co., and Tim Brown.

Defendants.

CIVIL ACTION FILE NO:
21A03699

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff Daphne Bell ("Plaintiff"), and makes and files this complaint against Defendants The Kroger Co. and Tim Brown (collectively, "Defendants") as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff Daphne Bell is a resident of the State of Georgia and is subject to the jurisdiction of this court.

2.

Defendant The Kroger Co. (hereinafter "Kroger") does extensive business in the State of Georgia, including Dekalb County. Service may be made on said Defendant by serving its registered agent, to wit: CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, GA 30060.

3.

Defendant The Kroger Co. is subject to the venue and jurisdiction of this Court.

4.

Defendant Tim Brown is a resident of the State of Georgia, and may be served with a copy of the Summons and Complaint at 305 Brookhaven Ave NE, Unit 407, Brookhaven, GA 30319 in Dekalb County.

5.

Defendant Tim Brown is subject to the venue jurisdiction of this court.

6.

Subject matter jurisdiction is proper to the Court as to all Defendants.

## **BACKGROUND**

7.

On or about July 2, 2021, Plaintiff was an invitee at Kroger's grocery store located on 101 Fairview Road, Ellenwood, GA 30294 (hereinafter "the premises"). The premises was managed by Defendant Tim Brown, president of Kroger's Atlanta Division.

8.

While on the premises, Plaintiff slipped and fell in a puddle of water caused by a leaking freezer in the freezer section, causing Plaintiff to fall to the floor; as a result, Plaintiff suffered severe injuries (hereinafter "the incident").

9.

There were no warning signs on the premises at the time of the incident indicating there was a puddle on the floor. Moreover, given the transparent nature of the water, the puddle was not obvious to Plaintiff.

10.

Defendants had exclusive ownership, possession and control over the premises at all times relevant to this litigation. As Kroger's Atlanta Division president, Defendant

- 2 -

Tim Brown was negligent in the inspection, maintenance, operation and/or management of the premises.

11.

Defendant Kroger is vicariously liable for Defendant Tim Brown's conduct under the Doctrine of Respondeat Superior and Imputed Liability because, when the incident occurred, Tim Brown was acting within the scope and course of his employment with Kroger and with its knowledge and authority.

## COUNT 1
## PREMISES LIABILITY

12.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 11 above as if fully restated.

13.

Plaintiff was an invitee on the premises at the time of the incident.

14.

Defendants owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

15.

Defendants were negligent in failing to properly inspect the area where the incident occurred, in failing to remove the hazardous condition, in failing to take adequate measures to protect invitees from the hazard, and in failing to keep the premises safe for invitees.

16.

Defendants knew or should have known that not conducting proper, regular and reasonable sweeps and inspections of the premises, especially the freezer isle where freezers are known to leak, posed a danger to invitees on the premises, and should have changed, altered, repaired, and/or removed the freezer, cleaned the floor, and/or warned invitees.

17.

Plaintiff did not know, and could not reasonably have learned, of the danger posed by the puddle of transparent water.

18.

Defendants' negligence was the actual and proximate cause of Plaintiff's injuries.

## COUNT 2
## IMPUTED LIABILTY / RESPONDEAT SUPERIOR

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

20.

At all times relevant to this action, Defendant Tim Brown was working within the course and scope of his employment with Defendant Kroger, and was responsible for inspecting, cleaning, maintaining, operating, and/or managing the area where Plaintiff fell. At all times relevant to this action, Defendant Tim Brown was responsible for operating and/or managing the premises with the knowledge and authority of Defendant Kroger.

21.

Defendant Kroger is responsible for the conduct of Defendant Tim Brown under the doctrine of *respondeat superior*, agency or apparent agency, and imputed liability.

## COUNT 3
## NEGLIGENT TRAINING & SUPERVISION

22.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 21 above as if fully restated.

///

- 4 -

23.

Defendants Kroger was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections for hazardous conditions were performed on the premises and in failing to train its employees, including Defendant Tim Brown, concerning safety procedures for inspecting, operating and maintaining the premises.

24.

Defendant Kroger was negligent in training and supervising its staff, including Defendant Tim Brown.

25.

As a result of Defendant Kroger's negligence in training and supervising their employees, including Defendant Tim Brown, Plaintiff was injured on the premises.

## COUNT 4
## DAMAGES

26.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 25 above, as if fully restated herein.

27.

Plaintiff's injuries and damages resulting from the incident were directly and proximately caused by the negligence of Defendants.

28.

Plaintiff was injured and has experienced physical and emotional pain and suffering as a direct and proximate result of the incident.

///

- 5 -

29.

In the future, it is likely Plaintiff will continue to have physical injuries and experience physical and emotional pain and suffering as a direct and proximate result of the incident.

30.

In the future, it is likely Plaintiff will continue to need medical treatment as a direct and proximate result of the incident.

31.

Plaintiff experienced and will continue to experience pain and suffering as a direct and proximate result of the incident.

32.

As a result of Defendant's negligence, Plaintiff has incurred reasonable, necessary, and continuing medical expenses, and will continue to incur expenses in the future, in an amount to be proven at trial.

33.

Plaintiff is entitled to recover for her injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, and/or other damages permitted. Plaintiff states her intention to seek all compensatory, special, economic, consequential, general, and all other damages permissible under Georgia Law, including, but not limited to:

a)     Personal injuries;

b)     Past, present and future pain and suffering;

c)     Disability;

d)     Disfigurement;

e)     Mental anguish;

f)     Loss of capacity for the enjoyment of life;

g)     Economic losses;

h)     Incidental expenses;

i)     Past, present and future medical expenses;

j)     Lost earnings;

k)     Loss of earning capacity;

l)     Attorneys' fees and costs;

m)     Permanent injuries; and

n)     Consequential damages to be proven at trial.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against Defendants as follows:

a)     Process issue as provided by law;

b)     Plaintiff has a trial by jury against Defendants;

c)     Judgment be awarded to Plaintiff and against Defendants;

d)     That Plaintiff recovers the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

e)     That Plaintiff recovers for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

f)     That Plaintiff recovers punitive damages in an amount to be determined by the enlightened conscience of a jury; and

- 7 -

g)    That Plaintiff recovers such other and further relief as is just and proper.

/s/ Ramin Kermani-Nejad

Ramin Kermani-Nejad, Esq.

KERMANI FIRM

Georgia Bar No. 669698

*Attorney for Plaintiff*

KERMANI FIRM
1718 Peachtree Street NW, Suite 489
Atlanta, Georgia 30309
Tel: 678.202.0494
Fax: 678.202.0209
rk@kermanillp.com

STATE COURT OF
DEKALB COUNTY, GA.
8/6/2021 1:52 PM
E-FILED
BY: Siana Smith

- 8 -

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| DAPHNE BELL, | |
|      Plaintiff, | |
| | CIVIL ACTION FILE NO. |
| v. | 21A03699 |
| THE KROGER CO. and<br>TIM BROWN, | |
|      Defendants. | |

**DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW The Kroger Co., named as a defendant in the *Complaint* of Plaintiff Daphne Bell (hereinafter referred to as "Plaintiff") in the above-styled civil action, by and through undersigned counsel, and files this, its *Answer and Defenses* to Plaintiff's Complaint, further showing this honorable Court as follows:

**FIRST DEFENSE**

For a first defense, The Kroger Co. ("Defendant" or "Kroger") responds to the enumerated paragraphs of Plaintiff's *Complaint* as follows:

**PARTIES AND JURISDICTION**

1.

Admitted.

2.

Defendant admits that it operates grocery stores in the State of Georgia, including in DeKalb County, but denies that DeKalb County is a proper venue for this action. The store where the litigated incident occurred is not in DeKalb County and neither is Defendant's registered agent.

1

Defendant admits that its Georgia registered agent's name and address are correctly identified. Averments alleged in this paragraph not expressly admitted are denied.

3.

Defendant admits it is subject to the jurisdiction of this Court but denies that DeKalb County is a proper venue for this action.

4.

Defendant Kroger responds to the averments alleged in this paragraph as follows: said averments are not directed to this defendant and as such, no response is called for.

5.

Denied.

6.

Denied.

**BACKGROUND**

7.

Defendant's understanding is that on July 2, 2021, Daphne Bell picked up a prescription from the Kroger Pharmacy at Kroger Store 427, in Henry County, Georgia.  The litigated incident occurred in Store 427 which is located at 101 Fairview Road, Ellenwood, Georgia 30294.  The averments alleged in this paragraph not expressly admitted are denied.

8.

Denied.

9.

Defendant denies that there was a "puddle on the floor" and denies that there was a need for a "warning sign indicating there was a puddle on the floor."  Those averments alleged in this paragraph not expressly admitted are denied.

10.

Denied.

11.

Denied.

**COUNT 1**
**PREMISES LIABILITY**

12.

In response to the averments alleged in Paragraph 12 of Plaintiff's *Complaint*, Defendant restates and incorporates by reference its responses set forth in the preceding paragraphs and reasserts its denials of Plaintiff's averments alleged in Paragraphs 1-11 of the Complaint.

13.

Defendant's understanding is that on July 2, 2021, Daphne Bell picked up a prescription from the Kroger Pharmacy at Kroger Store 427, in Henry County, Georgia.  The litigated incident occurred in Store 427 which is located at 101 Fairview Road, Ellenwood, Georgia 30294.  The averments alleged in this paragraph not expressly admitted are denied.

14.

Defendant The Kroger Co. admits that it was subject to applicable legal duties as was Plaintiff.  Defendant denies the averments alleged in this paragraph not expressly admitted.

15.

Denied.

16.

Denied.

17.

Defendant denies that there was a "puddle" on the floor.   Those averments alleged in this paragraph not expressly admitted are denied.

18.

Denied.

## COUNT 2
## IMPUTED LIABILITY / RESPONDEAT SUPERIOR

19.

In response to the averments alleged in Paragraph 19 of Plaintiff's *Complaint*, Defendant restates and incorporates by reference its responses set forth in the preceding paragraphs and reasserts its denials of Plaintiff's averments alleged in Paragraphs 1-18 of the Complaint.

20.

Denied.

21.

Denied.

## COUNT 3
## NEGLIGENT TRAINING & SUPERVISION

22.

In response to the averments alleged in Paragraph 22 of Plaintiff's *Complaint*, Defendant restates and incorporates by reference its responses set forth in the preceding paragraphs and reasserts its denials of Plaintiff's averments alleged in Paragraphs 1-21 of the Complaint.

23.

Denied.

24.

Denied.

25.

Denied.

## COUNT 4
## DAMAGES

26.

In response to the averments alleged in Paragraph 26 of Plaintiff's *Complaint*, Defendant restates and incorporates by reference its responses set forth in the preceding paragraphs and reasserts its denials of Plaintiff's averments alleged in Paragraphs 1-25 of the Complaint.

27.

Denied.

28.

Defendant is without knowledge or information sufficient to either admit or deny the averments alleged in this paragraph of Plaintiff's *Complaint*, and said averments therefore stand as denied by operation of law.

29.

Defendant is without knowledge or information sufficient to either admit or deny the averments alleged in this paragraph of Plaintiff's *Complaint*, and said averments therefore stand as denied by operation of law.

30.

Defendant is without knowledge or information sufficient to either admit or deny the averments alleged in this paragraph of Plaintiff's *Complaint*, and said averments therefore stand as denied by operation of law.

31.

Defendant is without knowledge or information sufficient to either admit or deny the averments alleged in this paragraph of Plaintiff's *Complaint*, and said averments therefore stand as denied by operation of law.

32.

Denied.

33.

Defendant denies the averments alleged in this paragraph, including all subparts. Plaintiff's Complaint fails to state a claim upon which relief can be granted for "attorneys' fees and costs" or for "punitive damages."

34.

Defendant denies the averments alleged in the "WHEREFORE" paragraph following Paragraph 33 of Plaintiff's *Complaint*, including all subparts. Plaintiff's Complaint fails to state a claim upon which relief can be granted for "attorneys' fees and costs" or for "punitive damages."

35.

Any averment contained in Plaintiff's *Complaint* which has not been expressly admitted by Defendant in this, its *Answer and Defenses*, is hereby denied and strict proof thereof is hereby demanded.

## **SECOND DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted, in whole or in part.

### THIRD DEFENSE

Subject to and in anticipation of discovery, Defendant asserts the defense of failure to mitigate damages.

### FOURTH DEFENSE

Plaintiff may not recover against Defendant because no act or omission of Defendant or its employees was the legal cause or the proximate cause of Plaintiff's alleged injuries and damages.  Defendant did not breach a material duty owing to Plaintiff.

### FIFTH DEFENSE

Subject to and in anticipation of discovery, Defendant asserts the defenses of contributory and comparative negligence which may bar Plaintiff from recovery or said defenses shall apply such that any recovery awarded to her must be reduced in proportion to her negligence with respect to the alleged incident at issue as determined by the fact-finder.

### SIXTH DEFENSE

No action or omission on the part of any Defendant proximately caused the alleged injuries and damages of Plaintiff, and therefore Plaintiff cannot recover from any defendant.

### SEVENTH DEFENSE

The act(s) or omission(s) of persons or entities other than Defendant was/were the intervening and/or superseding and proximate cause of Plaintiff's alleged injuries, therefore Plaintiff may not recover from any defendant in any sum or manner whatsoever.

## EIGHT DEFENSE

Defendant did not breach any legal duty owing to Plaintiff, and therefore Plaintiff cannot recover from Defendant.  At all times, Defendant exercised that degree of care required by law; therefore, Plaintiff may not recover from Defendant in any sum or manner whatsoever.

## NINTH DEFENSE

Defendant asserts the defense of improper venue.

## TENTH DEFENSE

Pending further investigation and discovery, Defendant reserves the right to assert all defenses available under law.

WHEREFORE, having fully responded to the averments in Plaintiff's *Complaint*, Defendant The Kroger Co. respectfully prays:

(a)     That judgment is rendered in favor of Defendants and against Plaintiff;

(b)     That Defendants be discharged with all costs cast against Plaintiff;

(c)     That this matter be tried by a jury of twelve persons regarding any issues not subject to summary adjudication; and

(d)     For such other and further relief as is just and proper.

Respectfully submitted, this the 17th day of September, 2021.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**            */s/ Jeffrey M. Wasick*
950 East Paces Ferry Road, N.E.            Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta      Georgia Bar No. 515323
Atlanta, Georgia 30326                     Jeffrey M. Wasick
Telephone:     (404) 870-7444              Georgia Bar No. 778423
Facsimile:      (404) 870-1072             *Attorneys for Defendants The Kroger Co. and*
                                           *Tim Brown*

8

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing DEFENDANT THE

KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT with the Clerk

of Court using the Odyssey eFileGA electronic filing system, which will send electronic

notification to the following counsel of record:

Ramin Kermani-Nejad, Esq.<br>
KERMANI FIRM<br>
1718 Peachtree Street NW, Suite 489<br>
Atlanta, Georgia 30309

Respectfully submitted, this the 17th day of September, 2021.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:     (404) 870-7444
Facsimile:      (404) 870-1072

*/s/ Jeffrey M. Wasick*
Matthew G. Moffett
Georgia Bar No. 515323
Jeffrey M. Wasick
Georgia Bar No. 778423
*Attorneys for Defendants The Kroger Co. and*
*Tim Brown*

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

DAPHNE BELL,

      Plaintiff,

v.

THE KROGER CO. and
TIM BROWN,

      Defendants.

CIVIL ACTION FILE NO.
21A03699

---

**DEFENDANT TIM BROWN'S SPECIAL APPEARANCE ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT**

---

COMES NOW Tim Brown, named as a defendant in the *Complaint* of Plaintiff Daphne

Bell (hereinafter referred to as "Plaintiff") in the above-styled civil action, by and through

undersigned counsel, and files this, his *Special Appearance Answer and Defenses* to Plaintiff's

Complaint, further showing this honorable Court as follows:

**<u>FIRST DEFENSE</u>**

For a first defense, Tim Brown ("Defendant") responds to the enumerated paragraphs of

Plaintiff's *Complaint* as follows:

<u>PARTIES AND JURISDICTION</u>

1.

Admitted.

2.

Defendant responds to the averments alleged in this paragraph as follows: said averments

are not directed to him and as such, no response is called for.   Averments alleged in this paragraph

not expressly admitted are denied.

1

3.

Defendant responds to the averments alleged in this paragraph as follows: said averments are not directed to him and as such, no response is called for.   Averments alleged in this paragraph not expressly admitted are denied.  Defendant denies he is subject to the jurisdiction of this Court and denies that DeKalb County is a proper venue for this action.

4.

Defendant admits he is a resident of Georgia.  Defendant denies that service has been perfected on him, denies that personal jurisdiction exists as to him in this action, and denies that venue is proper in this court.

5.

Denied.

6.

Denied.

## BACKGROUND

7.

Defendant admits he is President of Kroger's Atlanta Division.  Defendant denies that the grocery store identified in this paragraph was managed by him.  As for the remaining averments in this paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in this paragraph which therefore stand as denied by operation of law.  The averments alleged in this paragraph not expressly admitted are denied.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in this paragraph which therefore stand as denied by operation of law.  The averments alleged in this paragraph not expressly admitted are denied.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in this paragraph which therefore stand as denied by operation of law.  The averments alleged in this paragraph not expressly admitted are denied.

10.

Denied.

11.

Denied.

<u>COUNT 1</u>
<u>PREMISES LIABILITY</u>

12.

In response to the averments alleged in Paragraph 12 of Plaintiff's *Complaint*, Defendant restates and incorporates by reference its responses set forth in the preceding paragraphs and reasserts his denials of Plaintiff's averments alleged in Paragraphs 1-11 of the Complaint.

13.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in this paragraph which therefore stand as denied by operation of law.  The averments alleged in this paragraph not expressly admitted are denied.

14.

Defendant denies the averments in this paragraph as to him.  As for Defendant Kroger, Defendant admits that it was subject to applicable legal duties as was Plaintiff.  Defendant denies the averments alleged in this paragraph not expressly admitted.

15.

Denied.

16.

Denied.

17.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in this paragraph which therefore stand as denied by operation of law.  The averments alleged in this paragraph not expressly admitted are denied.

18.

Denied.

COUNT 2
IMPUTED LIABILITY / RESPONDEAT SUPERIOR

19.

In response to the averments alleged in Paragraph 19 of Plaintiff's *Complaint*, Defendant restates and incorporates by reference its responses set forth in the preceding paragraphs and reasserts his denials of Plaintiff's averments alleged in Paragraphs 1-18 of the Complaint.

20.

Denied.

21.

Denied.

COUNT 3

<u>NEGLIGENT TRAINING & SUPERVISION</u>

22.

In response to the averments alleged in Paragraph 22 of Plaintiff's *Complaint*, Defendant restates and incorporates by reference its responses set forth in the preceding paragraphs and reasserts his denials of Plaintiff's averments alleged in Paragraphs 1-21 of the Complaint.

23.

Denied.

24.

Denied.

25.

Denied.

<u>COUNT 4</u>
<u>DAMAGES</u>

26.

In response to the averments alleged in Paragraph 26 of Plaintiff's *Complaint*, Defendant restates and incorporates by reference its responses set forth in the preceding paragraphs and reasserts his denials of Plaintiff's averments alleged in Paragraphs 1-25 of the Complaint.

27.

Denied.

28.

Defendant is without knowledge or information sufficient to either admit or deny the averments alleged in this paragraph of Plaintiff's *Complaint*, and said averments therefore stand as denied by operation of law.

29.

Defendant is without knowledge or information sufficient to either admit or deny the averments alleged in this paragraph of Plaintiff's *Complaint*, and said averments therefore stand as denied by operation of law.

30.

Defendant is without knowledge or information sufficient to either admit or deny the averments alleged in this paragraph of Plaintiff's *Complaint*, and said averments therefore stand as denied by operation of law.

31.

Defendant is without knowledge or information sufficient to either admit or deny the averments alleged in this paragraph of Plaintiff's *Complaint*, and said averments therefore stand as denied by operation of law.

32.

Denied.

33.

Defendant denies the averments alleged in this paragraph, including all subparts. Plaintiff's Complaint fails to state a claim upon which relief can be granted for "attorneys' fees and costs" or for "punitive damages."

34.

Defendant denies the averments alleged in the "WHEREFORE" paragraph following Paragraph 33 of Plaintiff's *Complaint*, including all subparts.  Plaintiff's Complaint fails to state a claim upon which relief can be granted for "attorneys' fees and costs" or for "punitive damages."

35.

Any averment contained in Plaintiff's *Complaint* which has not been expressly admitted by Defendant in this, his *Answer and Defenses*, is hereby denied and strict proof thereof is hereby demanded.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, in whole or in part.

### THIRD DEFENSE

Subject to and in anticipation of discovery, Defendant asserts the defense of failure to mitigate damages.

### FOURTH DEFENSE

Plaintiff may not recover against Defendant because no act or omission of Defendant was the legal cause or the proximate cause of Plaintiff's alleged injuries and damages.  Defendant did not breach a material duty owing to Plaintiff.  Defendant did not owe any duty whatsoever to Plaintiff.

### FIFTH DEFENSE

Subject to and in anticipation of discovery, Defendant asserts the defenses of contributory and comparative negligence which may bar Plaintiff from recovery or said defenses shall apply such that any recovery awarded to her must be reduced in proportion to her negligence with respect to the alleged incident at issue as determined by the fact-finder.

### SIXTH DEFENSE

No action or omission on the part of any Defendant proximately caused the alleged injuries and damages of Plaintiff, and therefore Plaintiff cannot recover from any defendant.

**SEVENTH DEFENSE**

The act(s) or omission(s) of persons or entities other than Defendant was/were the intervening and/or superseding and proximate cause of Plaintiff's alleged injuries, therefore Plaintiff may not recover from any defendant in any sum or manner whatsoever.

**EIGHT DEFENSE**

Defendant did not breach any legal duty owing to Plaintiff, and therefore Plaintiff cannot recover from Defendant.  At all times, Defendant exercised that degree of care required by law; therefore, Plaintiff may not recover from Defendant in any sum or manner whatsoever.  Defendant did not owe any duty to Plaintiff whatsoever.

**NINTH DEFENSE**

Defendant asserts the defense of improper venue.

**TENTH DEFENSE**

Pending further investigation and discovery, Defendant reserves the right to assert all defenses available under law.

**ELEVENTH DEFENSE**

Defendant asserts the defense of lack of personal jurisdiction.

**TWELFTH DEFENSE**

Defendant asserts the defense of insufficiency of process.

**THIRTEENTH DEFENSE**

Defendant asserts the defense of insufficiency of service of process.

WHEREFORE, having fully responded to the averments in Plaintiff's *Complaint*, Defendant The Kroger Co. respectfully prays:

(a)      That judgment is rendered in favor of Defendants and against Plaintiff;

(b)     That Defendants be discharged with all costs cast against Plaintiff;

(c)     That this matter be tried by a jury of twelve persons regarding any issues not

         subject to summary adjudication; and

(d)     For such other and further relief as is just and proper.

Respectfully submitted, this the 17th day of September, 2021.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**          */s/ Jeffrey M. Wasick*
950 East Paces Ferry Road, N.E.          Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta    Georgia Bar No. 515323
Atlanta, Georgia 30326                   Jeffrey M. Wasick
Telephone:    (404) 870-7444             Georgia Bar No. 778423
Facsimile:    (404) 870-1072             *Attorneys for Defendants The Kroger Co. and*
                                         *Tim Brown*

STATE COURT OF
DEKALB COUNTY, GA.
9/17/2021 5:29 PM
E-FILED
BY: Shirley Penning-Pipkins

9

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing DEFENDANT TIM BROWN'S SPECIAL APPEARANCE ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT with the Clerk of Court using the Odyssey eFileGA electronic filing system, which will send electronic notification to the following counsel of record:

Ramin Kermani-Nejad, Esq.
KERMANI FIRM
1718 Peachtree Street NW, Suite 489
Atlanta, Georgia 30309

Respectfully submitted, this the 17th day of September, 2021.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**            */s/ Jeffrey M. Wasick*
950 East Paces Ferry Road, N.E.           Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta     Georgia Bar No. 515323
Atlanta, Georgia 30326                    Jeffrey M. Wasick
Telephone:    (404) 870-7444              Georgia Bar No. 778423
Facsimile:    (404) 870-1072              *Attorneys for Defendants The Kroger Co. and*
                                          *Tim Brown*

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

DAPHNE BELL,

      Plaintiff,

v.

THE KROGER CO. and
TIM BROWN,

      Defendants.

CIVIL ACTION FILE NO.
21A03699

---

### DEFENDANT THE KROGER CO.'S DEMAND FOR TWELVE PERSON JURY

COMES NOW The Kroger Co., named as a defendant in the *Complaint* of Plaintiff Daphne Bell (hereinafter referred to as "Plaintiff") in the above-styled civil action, by and through undersigned counsel, pursuant to O.C.G.A. § 15-12-122(a)(2), and hereby demands that this case be tried by a jury of twelve persons.

Respectfully submitted, this the 17th day of September, 2021.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, LLP**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:    (404) 870-7444
Facsimile:    (404) 870-1072

*/s/ Jeffrey M. Wasick*
Matthew G. Moffett
Georgia Bar No.  515323
Jeffrey M. Wasick
Georgia Bar No.  778423
*Attorneys for Defendants The Kroger Co. and*
*Tim Brown*

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day filed a copy of the foregoing DEFENDANT THE

KROGER CO.'S DEMAND FOR TWELVE PERSON JURY with the Clerk of Court using the

Odyssey eFileGA electronic filing system, which will send electronic notification to the following

counsel of record:

Ramin Kermani-Nejad, Esq.<br>
KERMANI FIRM<br>
1718 Peachtree Street NW, Suite 489<br>
Atlanta, Georgia 30309

Dated this the 17th day of September, 2021.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, LLP**                    <u>*/s/ Jeffrey M. Wasick*</u>
950 East Paces Ferry Road, N.E.              Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta        Georgia Bar No.  515323
Atlanta, Georgia 30326                       Jeffrey M. Wasick
Telephone:      (404) 870-7444               Georgia Bar No.  778423
Facsimile:      (404) 870-1072               *Attorneys for Defendants The Kroger Co. and*
                                             *Tim Browm*

**IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA**

DAPHNE BELL,

      Plaintiff,

v.

THE KROGER CO. and
TIM BROWN,

      Defendants.

CIVIL ACTION FILE NO.
21A03699

---

**DEFENDANT TIM BROWN'S DEMAND FOR TWELVE PERSON JURY**

---

COMES NOW Tim Brown, named as a defendant in the *Complaint* of Plaintiff Daphne Bell (hereinafter referred to as "Plaintiff") in the above-styled civil action, by and through undersigned counsel, pursuant to O.C.G.A. § 15-12-122(a)(2), and hereby demands that this case be tried by a jury of twelve persons.

Respectfully submitted, this the 17th day of September, 2021.

**GRAY, RUST, ST. AMAND,
MOFFETT & BRIESKE, LLP**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:    (404) 870-7444
Facsimile:    (404) 870-1072

*/s/ Jeffrey M. Wasick*
Matthew G. Moffett
Georgia Bar No. 515323
Jeffrey M. Wasick
Georgia Bar No. 778423
*Attorneys for Defendants The Kroger Co. and
Tim Brown*

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day filed a copy of the foregoing DEFENDANT TIM

BROWN'S DEMAND FOR TWELVE PERSON JURY with the Clerk of Court using the Odyssey

eFileGA electronic filing system, which will send electronic notification to the following counsel

of record:

Ramin Kermani-Nejad, Esq.
KERMANI FIRM
1718 Peachtree Street NW, Suite 489
Atlanta, Georgia 30309

Dated this the 17th day of September, 2021.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, LLP**                    */s/ Jeffrey M. Wasick*_____
950 East Paces Ferry Road, N.E.                Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta          Georgia Bar No.  515323
Atlanta, Georgia 30326                         Jeffrey M. Wasick
Telephone:     (404) 870-7444                  Georgia Bar No.  778423
Facsimile:     (404) 870-1072                  *Attorneys for Defendants The Kroger Co. and*
                                               *Tim Brown*

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

DAPHNE BELL,

      Plaintiff,

v.

THE KROGER CO., and TIM BROWN,

      Defendants.

CIVIL ACTION FILE NO.
21A03699

---

**DEFENDANT THE KROGER CO.'S RULE 5.2 CERTIFICATE OF**
**SERVICE OF DISCOVERY MATERIAL**

---

This is to certify that I have this day served *Defendant The Kroger Co.'s First Interrogatories to Plaintiff* and *Defendant The Kroger Co.'s First Requests for Production to Plaintiff* via electronic mail to the following:

Ramin Kermani-Nejad, Esq.
KERMANI FIRM
1718 Peachtree Street NW, Suite 489
Atlanta, Georgia 30309

Respectfully submitted, this the 17th day of September, 2021.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:    (404) 870-7444
Facsimile:    (404) 870-1072

*/s/ Jeffrey M. Wasick*
Matthew G. Moffett
Georgia Bar No. 515323
Jeffrey M. Wasick
Georgia Bar No. 778423
*Attorneys for Defendant The Kroger Co.*

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed and served DEFENDANT THE

KROGER CO.'S RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL to the

Clerk of Court via Odyssey efileGA e-filing system the foregoing which will send electronic

notification to all counsel of record:

Ramin Kermani-Nejad, Esq.
KERMANI FIRM
1718 Peachtree Street NW, Suite 489
Atlanta, Georgia 30309

Respectfully submitted, this the 17th day of September, 2021.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**          */s/ Jeffrey M. Wasick*
950 East Paces Ferry Road, N.E.          Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta          Georgia Bar No. 515323
Atlanta, Georgia 30326          Jeffrey M. Wasick
Telephone:     (404) 870-7444          Georgia Bar No. 778423
Facsimile:     (404) 870-1072          *Attorneys for Defendant The Kroger Co.*

TO:          All Judges, Clerks of Court, and Counsel of Record

FROM:       Matthew G. Moffett, Esq.
                GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, L.L.P.

RE:          Notice of Leave of Absence

DATE:       November 22, 2021

---

COMES NOW Matthew G. Moffett and respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court, and all Opposing Counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.  See the attached Exhibit "A" for the list of pending cases.

1.      The period of leave during which time Applicant will be away from the practice of law is:

- January 10-14, 2022: Family trip;
- February 14-18 and February 21, 2022: Business trip;
- March 7-10, 2022: FDCC Winter Meeting 2022;
- April 20-22 and April 25, 2022: ADTA Annual Meeting;
- May 23-27 and May 30, 2022: Family reunion;
- June 9-10 and June 13, 2022: GDLA Annual Meeting;
- July 25-29, 2022: FDCC Annual Meeting 2022;
- August 4-5, August 8-12, August 15-19 and August 22-25, 2022: Family trip; and
- November 9-11, November 14-18 and November 21-22, 2022: GDLA Trial Academy.

2.      All affected judges and opposing counsel shall have ten days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

Respectfully submitted, this the 22nd day of November, 2021.

**GRAY, RUST, ST. AMAND,**                    /s/ Matthew G. Moffett
**MOFFETT & BRIESKE, L.L.P.**                 Matthew G. Moffett
950 East Paces Ferry Road, N.E.               Georgia Bar No. 515323
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:     (404) 870-7390
Facsimile:     (404) 870-1030

STATE COURT OF
DEKALB COUNTY, GA.
11/22/2021 3:12 PM
E-FILED
BY: Kelly Flack

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this date served a true and correct copy of the foregoing

*Notice of Leave of Absence* with the Clerk of Court, all Judges and counsel of record via Odyssey

eFileGA and/or via the United States Postal Service, with adequate postage affixed thereto for the

case listed on the attached "Exhibit A."

Respectfully submitted, this <u>22nd</u> day of <u>November</u>, 2021.

<i>/s/ Matthew G. Moffett</i>
Matthew G. Moffett
Georgia Bar No. 515323

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:    (404) 870-7390
Facsimile:    (404) 870-1030

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| State Court of DeKalb County | Judge | Opposing Counsel |
|---|---|---|
| Daphne Bell v. The Kroger Co. and Tim Brown<br><br>21A03699<br><br>Our File No. 3558.0506 | Honorable Johnny Panos<br>Judge, State Court of DeKalb County<br>Dekalb County Courthouse<br>Courtroom A, 2nd Floor<br>556 N. McDonough Street<br>Suite 2230<br>Decatur, GA 30030 | Ramin Kermani-Nejad, Esq.<br>KERMANI FIRM<br>1718 Peachtree St. NW, Ste 489<br>Atlanta, GA 30309<br>Email: rk@kermanillp.com |

**IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA**

DAPHNE BELL,

      Plaintiff,

v.

THE KROGER CO., and TIM BROWN,

      Defendants.

CIVIL ACTION FILE NO.
21A03699

**DEFENDANT THE KROGER CO.'S RULE 5.2 CERTIFICATE OF SERVICE OF
DISCOVERY RESPONSES**

This is to certify that I have this day served *Defendant The Kroger Co.'s Responses and Objections to Plaintiff's First Requests for Admission, Defendant The Kroger Co.'s Responses and Objections to Plaintiff's First Continuing Interrogatories,* and *Defendant The Kroger Co.'s Responses and Objections to Plaintiff's First Requests for Production* via electronic mail to the following:

Ramin Kermani-Nejad, Esq.
KERMANI FIRM
1718 Peachtree Street NW, Suite 489
Atlanta, Georgia 30309
rk@kermanillp.com

Respectfully submitted, this the 24th day of November, 2021.

**GRAY, RUST, ST. AMAND,
MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:    (404) 870-7444
Facsimile:    (404) 870-1072

*/s/ Jeffrey M. Wasick*
Matthew G. Moffett
Georgia Bar No. 515323
Jeffrey M. Wasick
Georgia Bar No. 778423
*Attorneys for Defendant The Kroger Co.*

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed and served DEFENDANT THE

KROGER CO.'S RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY RESPONSES to

the Clerk of Court via Odyssey efileGA e-filing system the foregoing which will send electronic

notification to all counsel of record:

Ramin Kermani-Nejad, Esq.<br>
KERMANI FIRM<br>
1718 Peachtree Street NW, Suite 489<br>
Atlanta, Georgia 30309

Respectfully submitted, this the 24th day of November, 2021.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | _/s/ Jeffrey M. Wasick_ |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia Bar No. 515323 |
| Atlanta, Georgia 30326 | Jeffrey M. Wasick |
| Telephone:     (404) 870-7444 | Georgia Bar No. 778423 |
| Facsimile:     (404) 870-1072 | _Attorneys for Defendant The Kroger Co._ |

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DAPHNE BELL | : | |
| | : | |
| | : | CIVIL ACTION |
| Plaintiff(s) | : | FILE NO. 21A03699 |
| v. | : | |
| | : | |
| THE KROGER CO., AND | : | |
| TIM BROWN | : | |
| | : | |
| Defendant(s) | : | |

## DEFENDANT(S) THE KROGER CO'S
## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL

The undersigned hereby certifies, pursuant to Uniform Rule of State Court 5.2, that the following non-parties were served with document requests pursuant to O.C.G.A. § 9-11-34(c), and that copies of said discovery were served upon all parties of record in this action:

South Atlanta Neurosurgery - Atlanta
105 Collier Rd NW
Atlanta, GA 30309

Henry County Fire Department - McDonough
10 South Zack Hinton Parkway
Mcdonough, GA 30253

Law Office of W. Bryant Green III P.C
303 Peachtree St NE  suite 4100
Atlanta, GA 30308

JMM83 ENTERPRISES, LLC
1278 CUSTER AVENUE
Atlanta, GA 30316

Walmart Pharmacy
702 SW 8th Street
Bentonville, AR 72716

Costco Wholesale Corporation
c/o CT Corporation System 289 Culver St.
Lawrenceville, GA 30046

CVS Pharmacy
1 CVS Dr
Woonsocket, RI 02895

The Kroger Co
1014 Vine Street

Cincinnati, OH 45202

Publix Pharmacy
Attn: Privacy Officer 3300 Publix Corporate Pkwy
Lakeland, FL 33811

Rite Aid Pharmacy
1901 E. Voorhees St. MS 735
Danville, IL 61834

Target Pharmacy
33 S. 6th Street Attn: CC-3610
Minneapolis, MN 55402

Walgreens
1901 E. Voorhees St. MS 735
Danville, IL 61834

Quest Diagnostics
1777 Montreal Circle
Tucker, GA 30084

LabCorp
P.O. Box 1588
Burlington, NC 27216

**Respectfully submitted on 11/30/2021**

**GRAY, RUST, ST. AMAND,**                    **/s/ Jeffrey M. Wasick**
**MOFFETT & BRIESKE, LLP**                     Matthew G. Moffett
950 East Paces Ferry Road, NE                  Georgia State Bar No. 515323
Suite 1700 - Salesforce Tower Atlanta          Jeffrey M. Wasick
Atlanta, Georgia 30326                         Georgia State Bar No. 778423
Telephone:    (404) 870-7373                   *Attorneys for Defendant(s) The Kroger Co.*
Facsimile:    (404) 870-7374

STATE COURT OF
DEKALB COUNTY, GA.
11/30/2021 10:21 AM
E-FILED
BY: Kelly Flack

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies, pursuant to O.C.G.A. § 9-11-5, that the foregoing **DEFENDANT THE KROGER CO'S, RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL** is being filed with the Clerk of Court using the Court's electronic filing-and-service system, which will send electronic notification to all parties having appeared of record in this action:

Ramin Kermani-Nejad, Esq.
KERMANI FIRM
1718 Peachtree Street NW, Suite 489
Atlanta, GA  30309

Respectfully submitted on 11/30/2021

**GRAY, RUST, ST. AMAND,**          /s/ Jeffrey M. Wasick
**MOFFETT & BRIESKE, LLP**          Matthew G. Moffett
950 East Paces Ferry Road, NE          Georgia State Bar No. 515323
Suite 1700 - Salesforce Tower Atlanta          Jeffrey M. Wasick
Atlanta, Georgia 30326          Georgia State Bar No. 778423
Telephone:     (404) 870-7373          *Attorneys for Defendant The Kroger Co.*
Facsimile:     (404) 870-7374